Troy B. Froderman (012717)
Scott C. Ryan (026791)
John F. Barwell (028345)
Richie J. Edwards (035601)
FR LAW GROUP PLLC
4745 N. 7th Street, Suite 310
Phoenix, AZ 85014
602-566-7425
tfroderman@frlawgroup.com
sryan@frlawgroup.com
barwell@frlawgroup.com
redwards@frlawgroup.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| VARXITY DEVELOPMENT CORP., a Canadian corporation,<br><br>Plaintiff,<br><br>vs.<br><br>TOWN OF PAYSON, an Arizona municipal corporation,<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br><br>**(Jury Trial Requested)**<br><br>[28 U.S.C. § 1332; DIVERSITY JURISDICTION] |

Plaintiff, for its Complaint against Defendant, alleges and states as follows:

## I.   Parties, Jurisdiction, and Venue

1. Plaintiff, Varxity Development Corp., is a Canadian corporation located and with its principal place of business at 1300-10020 101A Avenue, Edmonton, AB T5J 3G2, Canada.

2. Defendant, Town of Payson, is an Arizona municipal corporation located at 303 N. Beeline Highway, Payson, Arizona 85541, within the judicial district of this Court.

3. This court has original jurisdiction under 28 U.S.C. § 1332.

4. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue in this Court is proper under 28 U.S.C. § 1391.

6. The events complained of herein occurred in, or arose from, transactions and conduct occurring in whole or in part in Payson, Arizona, which is within the judicial district of the United States District Court for the District of Arizona.

7. Plaintiff complied with Arizona's Notice of Claim statute (*A.R.S. § 12-821.01*) via letter to the Town Clerk dated April 15, 2021 and delivered to the Town Clerk on April 19, 2021.

8. More than sixty days have passed since the Notice of Claim was delivered to the Town Clerk and the claim is deemed denied (*A.R.S. § 12-821.01(E)*).

## II. General Allegations

9. Plaintiff incorporates all facts and allegations asserted above as though fully alleged herein.

10. On or about September 21, 2017, Plaintiff and Defendant, together with a third party, Community Center Partners, LLC (CCP), entered into a Consulting Services Agreement (Tri-Party Agreement).

11. The purpose of the Tri-Party Agreement was to pursue and accomplish the proposed redevelopment of Rumsey Park; pursue and accomplish the development of a community center, new public pool, ice rink complex, and athletic training center; and pursue and accomplish the development and operation of an elite college preparatory academy (collectively "Project").

12. The Tri-Party Agreement was discussed by the Mayor and Town Council at the Defendant's Regular Town Council Meeting of September 21, 2017.

13. Resolution No. 3065, approving the Tri-Party Agreement, was passed by a 7-0 vote of then Mayor Craig Swartwood and the Town Council of Defendant.

14. Under the Tri-Party Agreement, Plaintiff and Defendant agreed to jointly and equally fund the cost of pre-development activities to be performed by CCP in connection to the Project.

15. Specifically, the Parties agreed to each contribute $125,000.00 to fund CCP's pre-development services.

16. Plaintiff contributed the full amount of $125,000.00 required by the Tri-Party Agreement in full compliance with its obligations under the same.

17. With regard to Plaintiff's $125,000.00 contribution to fund pre-development services, the Tri-Party Agreement directs that Plaintiff's contribution would be "reimbursed…at funding of the construction loan."

18. The Tri-Party Agreement further provides that Plaintiff is owed a "Break Up Fee," defined as Plaintiff's investment plus interest of 8% per annum, to be paid by Defendant if Defendant terminated the Tri-Party Agreement.

19. The Parties further agreed that "time [was] of the essence in furthering the planning of the Project."

20. In April 2018, CCP delivered the Rumsey Park Master Plan to Defendant.

21. The completion and delivery of the Master Plan to Defendant relied on Plaintiff's contribution of $125,000.00 toward CCP's fee.

22. Defendant would not have received the Master Plan if Plaintiff had not performed and timely made its $125,000.00 contribution to CCP's fee.

23. Defendant has benefitted and will continue to benefit into the future from the Master Plan paid for by Plaintiff.

24. The Master Plan indicates that the Project is viable and that the citizens of Defendant Town want the Project to move forward.

25. The Master Plan was approved by the Town Council on May 24, 2018.

26. On June 14, 2018, the Town Council approved a fundraising agreement between Defendant and an outside entity to validate the Master Plan and move the Project forward to development and construction.

3

27. The same date, the Town Council approved Resolution No. 3106 which authorized the validation of the Master Plan contingent on adequate fundraising.

28. Following the execution of the fundraising agreement, Defendant briefly began fundraising efforts.

29. Shortly thereafter, Defendant abandoned fundraising efforts and halted activity related to the Project.

30. In late 2018, Defendant improperly and ineffectively attempted to unilaterally alter the terms of the Tri-Party Agreement.

31. On November 29, 2018, the Town Council approved Resolution No. 3132 which falsely states that the Parties desired to terminate the Tri-Party Agreement and avoid termination penalties associated therewith.

32. Resolution No. 3132 was drafted unilaterally by Defendant without Plaintiff's direction, approval, participation, comment, or signature.

33. Because the Tri-Party Agreement does not authorize Defendant to unilaterally alter its terms, it remained unchanged and in effect following the approval of Resolution No. 3132 and Defendant's anticipatory breach.

34. Plaintiff has always been ready, willing, and able to perform under the terms of the Tri-Party Agreement.

35. In 2021 Defendant breached and effectively terminated the Tri-Party Agreement.

36. Specifically, on March 11, 2021, Town Manager Troy Smith announced that Defendant had opened negotiations with multiple outside entities to develop a community center project in Payson that is essentially identical to the Project.

37. Contrary to Defendant's statements to Plaintiff, Defendant has breached and effectively terminated the Tri-Party Agreement and has elected to move forward on a substantially similar project.

\\\

\\\

4

### III. First Claim for Relief

### (Breach of Contract)

38. Plaintiff incorporates all facts and allegations asserted above as though fully alleged herein.

39. Defendant materially breached the Tri-Party Agreement when it abandoned efforts to move the Project forward, anticipatorily breached the contract and unilaterally attempted to change the terms thereof, and entered into a new developmental agreement substantially mirroring the Project.

40. As a direct and proximate cause of Defendant's breach of the Tri-Party Agreement, Plaintiff has been damaged in an amount to be proven at trial, but in no event less than $162,753.42.

41. This action arises out of contract and as such Plaintiff is entitled to its reasonable attorney's fees incurred herein, as authorized by A.R.S. § 12-341.01.

### IV. Second Claim for Relief

### (Breach of Covenant of Good Faith and Fair Dealing)

42. Plaintiff incorporates all facts and allegations asserted above as though fully alleged herein.

43. Every contract entered into in the State of Arizona carries an implied covenant of good faith and fair dealing.

44. Defendant breached the covenant of good faith and fair dealing by unilaterally abandoning efforts to move the Project forward.

45. Defendant breached the covenant of good faith and fair dealing by unilaterally and dishonestly attempting to alter the terms of the Tri-Party Agreement and thereby avoid paying a Break Up Fee owed to Plaintiff.

46. Defendant breached the covenant of good faith and fair dealing by ignoring Plaintiff and hiding its intent to abandon the Project.

47. Defendant breached the covenant of good faith and fair dealing by entering into a separate agreement for the development of a substantially similar project.

48. As a result, Plaintiff is entitled to compensation for all such damages in an amount that is no less than $162,753.42.

49. Plaintiff is entitled to its costs and reasonable attorney's fees under A.R.S. § 12-341.01.

## V. Third Claim for Relief

### (Unjust Enrichment)

50. Plaintiff incorporates all facts and allegations asserted above as though fully alleged herein.

51. Defendant was enriched when it received the completed Master Plan, and the associated analysis and study.

52. Defendant's enrichment came at Plaintiff's expense, specifically, the $125,000.00 paid to CCP for predevelopment services.

53. Plaintiff has been impoverished by Defendant's actions and has not been reimbursed nor received additional work expected under the Tri-Party Agreement.

54. Defendant's actions in repudiating the Tri-Party Agreement and abandoning the development activities described therein are not justifiable.

55. As a result, Plaintiff is entitled to damages in an amount to be proved at trial.

56. Plaintiff is entitled to its costs and reasonable attorney's fees under A.R.S. § 12-341.01 because this claim arises out of a contract between the parties.

## VI. Fourth Claim for Relief

### (Declaratory Relief under 28 U.S.C. § 2201)

57. Plaintiff incorporates all facts and allegations asserted above as though fully alleged herein.

58. Plaintiff seeks declaratory relief in the form of a judgment that Defendant is in material breach of the Tri-Party Agreement.

59. Defendant wrongfully abandoned efforts to move the Project forward and entered into a new development agreement substantially mirroring the Project.

60. Time is of the essence, best efforts, and the duties of good faith and fair dealing are material terms of the Tri-Party Agreement.

61. By failing to timely move the Project forward, by acting in bad faith, and by entering into a new development agreement for a substantially similar project, Defendant is in material breach of the Tri-Party Agreement.

## VII. Prayer for Relief

WHEREFORE, Plaintiff requests a trial by jury, and seeks damages against Defendant, as follows:

62. For judgment against Defendant and an award of compensatory damages in favor of Plaintiff, in an amount to be proved at trial, but not less than $162,753.42, inclusive of interest through June 29, 2021 with additional interest accruing through pendency of this action;

63. For a judgment of bad faith damages in favor of Plaintiff;

64. For a judgment against Defendant and an award of damages to fully compensate Plaintiff for Defendant's unjust enrichment;

65. For a judgment awarding Plaintiff its reasonable attorney's fees incurred in prosecuting this action, as authorized by statute (A.R.S. §§ 12-341, 341.01, and 349);

66. For Plaintiff's costs incurred herein and accruing;

67. For declaratory relief in favor of Plaintiff that Defendant breached the Tri-Party Agreement, and that Plaintiff is entitled to compensation under the same; and

68. For any other relief the Court may deem just and proper.

\\\

\\\

\\\

\\\

DATED this 13th day of July 2021.

                      FR LAW GROUP PLLC

                      By: /s/ *Troy B. Froderman*

                          Troy B. Froderman, Esq.
                          Scott C. Ryan, Esq.
                          John F. Barwell, Esq.
                          Richie J. Edwards, Esq.
                          4745 N. 7th Street, Suite 310
                          Phoenix, AZ 85014
                          *Attorneys for Plaintiff*