WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Varxity Development Corporation,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>Town of Payson,<br><br>　　　　　　　Defendant. | No. CV-21-01216-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendant Town of Payson's Motion to Dismiss. (Doc. 10). The Motion has been fully briefed.[1] For the reasons stated, the Motion will be denied.

**I.    BACKGROUND**

This case arises from a contract between Plaintiff Varxity Development Corporation, Defendant Town of Payson, and a third party (the "Tri-Party Agreement") entered into on or about September 21, 2017. (Doc. 1 ¶ 10). The Tri-Party Agreement involved the pre-development phase of a proposed development of various community facilities (the "Project"). (Doc. 1 ¶¶ 11, 14). The terms required that Plaintiff and Defendant each contribute $125,000 to fund the third party's pre-development work. (Doc. 1 ¶ 15). Section 6 of the Tri-Party Agreement states that it "is contemplated that the Parties shall

---

[1] A motion to dismiss based on notice-of-claim or statute-of-limitations grounds is a motion to dismiss for failure to state a claim under Fed. R. Civ. P. ("Rule") 12(b)(6). *See TwoRivers v. Lewis*, 174 F.3d 987 (9th Cir. 1999). Thus, Plaintiff's Response was untimely pursuant to Local Rule 7.2(b). But because Defendant's Motion failed to explicitly specify on which subsection of Rule 12(b) it was based, the Court will consider Plaintiff's untimely Response and address the Motion on the merits.

be reimbursed the cost of Pre-Development Activities at funding of the construction loan," (Doc. 12 at 11), while Section 7 states that the parties "may" be reimbursed "[i]f, and when" construction of the Project is financed and pre-development costs are included in the Project budget. (Doc. 12 at 14).

After the third party to the Tri-Party Agreement delivered a Master Plan for the Project to Defendant in April 2018, Plaintiff alleges that Defendant briefly began fundraising efforts to move forward with the Project, but then abandoned the efforts and halted activity on the Project. (Doc. 1 ¶¶ 20–29). On November 29, 2018, Defendant's Town Council approved Resolution No. 3132, which stated that the parties desired to terminate the Tri-Party Agreement without the associated termination penalties, despite the fact that Plaintiff had not agreed to such a termination. (Doc. 1 ¶¶ 31–32). Plaintiff alleges that the Tri-Party Agreement remained in effect until Defendant breached and effectively terminated it on March 11, 2021, when Defendant announced it was negotiating with outside entities to develop a community center "essentially identical" to the Project. (Doc. 1 ¶¶ 35–36).

The Complaint affirmatively alleges that Plaintiff complied with Arizona's notice-of-claim statute through delivery of a letter to Defendant's Town Clerk on April 19, 2021. (Doc. 1 ¶ 7). Plaintiff filed its Complaint seeking declaratory relief and damages for breach of contract, breach of the covenant of good faith and fair dealing, and unjust enrichment on July 13, 2021. (Doc. 1). Defendant moves to dismiss the Complaint as untimely under A.R.S. §§ 12-821 and 12-821.01, the applicable statute of limitations and notice-of-claim statute, respectively. (Doc. 10).

## II. LEGAL STANDARD

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.*

2

Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

Generally, when ruling on a motion to dismiss, a court "must disregard facts that are not alleged on the face of the complaint or contained in documents attached to the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). But under the incorporation-by-reference doctrine, the Court may consider "documents submitted by Defendants that were referenced in the complaint and whose authenticity has not been questioned." *No. 84 Emp.-Teamster Joint Council Pension Tr. Fund v. Am. W. Holding Corp.*, 320 F.3d 920, 925 n.2 (9th Cir. 2003). Allegations in the complaint that contradict referenced documents need not be accepted as true. *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008).

A statute of limitations defense is ordinarily raised in a responsive pleading, but it "may be raised in a motion to dismiss if the running of the statute is apparent from the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 484 n.1 (9th Cir. 1987). Still, "'[d]ismissal on statute of limitations grounds can be granted pursuant to Fed.R.Civ.P. 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled"' or had otherwise not yet accrued." *ARA Inc. v. City of Glendale*, No. CV-17-02512-PHX-GMS, 2018 WL 1411787, at *3 (D. Ariz. Mar. 21, 2018) (quoting *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999)).

**III.   DISCUSSION**

Arizona's notice-of-claim statute requires that any party with a claim against a public entity file their claim with that entity within 180 days of the accrual of the cause of action. A.R.S. § 12-821.01(A). Similarly, Arizona law establishes a one-year statute of limitations for actions against public entities, which begins running when the cause of action accrues. A.R.S. § 12-821. For the purposes of both statutes, "a cause of action

accrues when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). Thus, "'the core question' of when a claim accrued is not when the plaintiff was conclusively aware she had a cause of action against a particular party, but instead when 'a reasonable person would have been on notice to investigate.'" *Cruz v. City of Tucson*, 243 Ariz. 69, 72, 401 P.3d 1018, 1021 (Ariz. Ct. App. 2017) (quoting *Walk v. Ring*, 202 Ariz. 310, 316, 44 P.3d 990, 996 (2002)).

The key question before the Court, then, is whether it is clear on the face of Plaintiff's Complaint and the documents incorporated by reference therein—specifically the Tri-Party Agreement and Resolution No. 3132—that Plaintiff's claim accrued more than 180 days before Plaintiff filed its Notice of Claim on April 19, 2021, or more than one year before Plaintiff filed this action on July 13, 2021. Defendant's Motion argues that Plaintiff's claim accrued on March 31, 2018, or alternatively, on November 29, 2018. (Doc. 10 at 4).

Defendant argues that the Tri-Party Agreement by its terms expired on March 31, 2018, and that any claim under the contract therefore accrued no later than that date. It is true that the Tri-Party Agreement states that the term of the contract ends at the earlier of March 31, 2018 or the date that the third party provided the pre-development deliverables. (Doc. 12 at 8–9). But Defendant cites no law to support the idea that a contract claim necessarily accrues for purposes of A.R.S. §§ 12-821 and 12-821.01 when the contract expires. Rather, Arizona courts have held that claimants cannot be deemed to have notice of a claim as a matter of law regardless of their actual knowledge or realization of the claim. *See Long v. City of Glendale*, 208 Ariz. 319, 325, 93 P.3d 519, 525 (Ariz. Ct. App. 2004) ("One does not 'realize' something because there is a legal presumption that he knows it."). And for the purposes of this Motion, the Court must credit Plaintiff's assertion that it believed the Tri-Party Agreement was still in effect and did not realize it was damaged until March 11, 2021. (Doc. 1 ¶¶ 33–36).

Even if it is true that a contract claim accrues no later than the date of the contract's

expiration or that Plaintiff should have been on notice of its claim at that time, the factual content of Plaintiff's Complaint and the Tri-Party Agreement itself still allow for a plausible interpretation of the Agreement in which the reimbursement provision remained enforceable after March 31, 2018. Under Arizona law, courts must "attempt to enforce a contract according to the parties' intent." *Taylor v. State Farm Mut. Auto. Ins. Co.*, 175 Ariz. 148, 152, 854 P.2d 1134, 1138 (1993). Moreover, "[a] contract must be construed so that every part is given effect, and each section of an agreement must be read in relation to each other to bring harmony, if possible, between all parts of the writing." *Chandler Med. Bldg. Partners v. Chandler Dental Grp.*, 175 Ariz. 273, 277, 855 P.2d 787, 791 (Ariz. Ct. App. 1993).

Defendant argues that the Tri-Party Agreement's language contradicts Plaintiff's allegation that the Agreement required reimbursement of Plaintiff's pre-development contribution. (Doc. 16 at 4). But in fact, the Tri-Party Agreement itself contains potentially contradictory language regarding reimbursement in Sections 6 and 7, and one plausible interpretation is that the parties intended to require reimbursement of Plaintiff's contribution upon funding of a construction loan. That provision would have no effect if the Tri-Party Agreement became unenforceable no later than when the third party provided its pre-development deliverables, an obvious prerequisite to obtaining a construction loan. Because these matters of contract interpretation could plausibly be resolved in Plaintiff's favor, the Court cannot grant the Motion to Dismiss based on this argument.

Alternatively, Defendant argues that even if Plaintiff's claim did not accrue on March 31, 2018, the claim accrued on November 29, 2018 when Defendant's Town Council approved Resolution No. 3132. But the Complaint contains sufficient facts to plausibly allege that the Resolution had no impact on the Tri-Party Agreement's effectiveness since by its terms, Defendant could not unilaterally alter or terminate the Agreement without penalty. And again, at any rate, the Court must credit Plaintiff's assertion that it did not realize it was damaged until March 11, 2021. Given the potential ambiguities in the language of the Tri-Party Agreement, it is certainly plausible under the

facts before the Court at this time that a reasonable person would not have been on notice to investigate whether a claim existed until March 11, 2021.

Finally, A.R.S. §§ 12-821 and 12-821.01 are subject to defenses including waiver, estoppel, and equitable tolling. *See Pritchard v. State*, 163 Ariz. 427, 432, 788 P.2d 1178, 1183 (1990). Because the Complaint does not address potential defenses, the Court cannot conclude at this stage that Plaintiff's claim is barred. *See ARA Inc.*, 2018 WL 1411787, at *3.

Ultimately, it is not clear on the face of the Complaint and the documents incorporated by reference therein that Plaintiff failed to comply with either A.R.S. §§ 12-821 or 12-821.01. The briefing of this Motion by both parties raised various facts that will surely be helpful in resolving these issues at a later stage. But at this juncture, under the Rule 12(b)(6) standard, the Court is unable to draw any conclusions regarding when Plaintiff's claims accrued and therefore, whether they are untimely. *See id.* (denying a motion to dismiss where "the Court does not have sufficient facts before it to determine when the statute of limitations accrued"). Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 10) is **denied**.

Dated this 7th day of October, 2021.

Honorable Steven P. Logan
United States District Judge